**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-21087-ELFENBEIN

**EMMANUEL OBIAGWU**,

Plaintiff,

v.

**CITY OF MIAMI, MIAMI POLICE DEPARTMENT**, *et al.*,

Defendants.
_____________________________________________/

**ORDER TO AMEND**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Emmanuel Obiagwu's Complaint ("Complaint"), ECF No. [1], and his Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. [3]. After reviewing the pleadings, record, and relevant law, the IFP Motion, **ECF No. [3]**, is **GRANTED.** Based upon the Court's review of the Complaint, Plaintiff **SHALL** amend the Complaint, **ECF No. [1]**, consistent with this Order pursuant to § 1915(e)(2)(ii).

## I. BACKGROUND

Plaintiff filed the Complaint against Defendants City of Miami, Miami Police Department ("Miami Police Department"); Officer Carrero ("Carrero"); Officer Ramos ("Ramos"); Officer Britt ("Britt"); Officer John Doe ("John Doe"); and A. Etienne ("Etienne" and collectively "Defendants").[1] Plaintiff sues the police officers in both their official and individual capacity. *See* ECF No. [1]. Plaintiff brings twenty-two counts against Defendants under both federal and Florida state law in connection with an incident on January 2, 2024 involving Carrero, Ramos, Britt,

---

[1] Plaintiff notes a second "John Doe" Defendant, but this appears to be an error.

Etienne, and John Doe allegedly slamming Plaintiff to the ground unprovoked, taking his phone away, searching and handcuffing him, releasing him, and subsequently forcibly removing him from a supermarket. *See id*. at ¶¶19-49. Plaintiff thereafter attempted to retrieve the body worn camera footage of the incident as well as the officer's identities, but the Miami Police Department allegedly failed to assist him. *See id*. at ¶¶50-66. The federal claims include violations of 42 U.S.C. § 1983; the Civil Rights Act of 1871; the First, Fourth, Eighth, and Fourteenth Amendments; failure to act; abuse of authority; conspiracy to deprive civil rights; negligent training and hiring; supervisory liability; municipal liability; and *Monell* claims. *See id*. at ¶¶67-178. The Florida state law claims include intentional use of force; assault and battery; violation of public record and Freedom of Information Act; tampering with evidence; obstruction of justice; racism and discrimination; violation of the Florida constitution through false arrest and imprisonment. *See id*. at ¶¶179-223. Finally, Plaintiff includes violation of "MPD Polices" as a count. *See id*. at ¶¶224-228. Against this backdrop, Plaintiff seeks permission to prosecute his claims in this action without prepaying the Court filing fee and instead proceed IFP.

## II. LEGAL STANDARDS

### A. Motion to Proceed *In Forma Pauperis*

In most situations,[2] a plaintiff who initiates a civil action in this District must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a); *Flannery v. USAA Gen. Indem. Co.*, No. 24-CV-14390, 2024 WL 5485793, at *1 (S.D. Fla. Dec. 23, 2024); Court Fees, U.S. Dist. Ct. for S.D. Fla., https://www.flsd.uscourts.gov/court-fees (last visited Sept. 4, 2026). A plaintiff can avoid paying the filing fee by including along with the complaint a motion to proceed *in forma pauperis* ("IFP"). *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir.

---

[2] For an application for a writ of habeas corpus, the filing fee is $5. *See* 28 U.S.C. § 1914(a).

2004). A plaintiff moving to proceed IFP must submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he or she "is entitled to redress." *See* 28 U.S.C. § 1915(a)(1).[3]

If a plaintiff files a motion to proceed IFP and submits the required affidavit, the court must first determine whether "the statements in the affidavit satisfy the requirement of poverty" such that the "affidavit is sufficient on its face to demonstrate economic eligibility." *See Martinez*, 364 F.3d at 1307 (quotation marks omitted). An "affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915." *Id.* (quotation marks omitted). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (footnote omitted).

If the affidavit is facially sufficient, the court should "docket the case and then proceed to the question of whether the asserted claim is frivolous." *Id.* (alteration adopted, quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2)(i) (instructing that a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious,"). A claim is frivolous if it "realistically has no better than a slight chance of success" or "lacks an arguable basis" in law or "in fact, for example, [by] asserting fantastic facts." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.1 (11th Cir. 1990). Section 1915(e) also requires

[3] Though the plain language of § 1915 appears to make its provision applicable only to prisoners, "the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the in forma pauperis (IFP) statute, 28 U.S.C. sec. 1915 *et seq.*, which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

the court to dismiss a complaint that "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(ii). Finally, § 1915(e) requires the court to dismiss a complaint that "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(iii).

And, of course, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837. And while "*pro se* pleadings are liberally construed and federal courts should look beyond the label of the pleadings to determine whether they are properly characterized, a court may not serve as *de facto* counsel for a party or rewrite a pleading." *United States v. Cordero*, 7 F.4th 1058, 1068 (11th Cir. 2021) (citations and quotation marks omitted).

**B. Pleading Requirements**

As stated above, Section 1915(e)(2) requires the Court to dismiss Plaintiff's case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Failure to state a claim includes failure to comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See id*. That means Plaintiff's Complaint must conform with Rule 8, which requires him to give a short and plain statement of his claims showing he is entitled to relief, *see* Fed. R. Civ. P. 8(a), and with Rule 10, which requires him to state those claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short

and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted).

"[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation," which includes the responsibility of dismissing or requiring a party to correct shotgun pleadings. *See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnote call numbers omitted).

The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted). The Eleventh Circuit has "condemned shotgun pleadings time and again" because they "exact an intolerable toll on the trial court's docket, lead to

unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (citation omitted); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Given the havoc they wreak, the Eleventh Circuit has specifically instructed district courts not to tolerate shotgun pleadings because "[t]olerating such behavior constitutes toleration of obstruction of justice." *Jackson*, 898 F.3d at 1357 (footnote omitted); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("[S]hotgun complaints . . . are altogether unacceptable."). It has made clear that a district court that receives a shotgun pleading, at a minimum, "must intervene *sua sponte* and order a repleader." *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). And if the claims of a complaint "are so poorly pleaded that" it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *see Weiland*, 792 F.3d at 1325 (emphasis and quotation marks omitted), a district court "retains authority to dismiss a shotgun pleading on that basis alone," *see Jackson*, 898 F.3d at 1357.

## III. DISCUSSION

The Court starts its analysis of Plaintiff's IFP Motion by determining whether he qualifies financially, and to do so, it looks at the Department of Health and Human Services ("HHS") poverty guidelines, as these are central to an assessment of an applicant's poverty. *See Martinez*, 364 F.3d at 1307 n.5 (comparing IFP applicant's affidavit to the HHS guidelines to determine he

was above the poverty line and not absolutely destitute); *Sanchez v. Nordstrom, Inc.*, No. 20-CV-20017, 2020 WL 13401700, at *1 (S.D. Fla. Jan. 3, 2020); Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797, 1798 (Jan. 15, 2026). The § 1915 analysis also requires the Court to compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

In the IFP Motion, Plaintiff leaves blank the field requesting information about his dependents, so the Court assumes he has none and notes that this assumption does not alter the Court's conclusion regarding IFP status, as explained below. *See* ECF No. [3] at 2. Thus, the Court must consider the poverty table as it relates to a one-person household. According to the 2026 HHS poverty table, a one-person household meets the poverty threshold with an annual income of $15,960 or less. *See* 91 Fed. Reg. at 1798. Here, Plaintiff states that he currently earns $0 in wages and that he earned $200 weekly through "tour guides" but has not earned any money since the December period. *See* ECF No. [3] at 1-2. Assuming Plaintiff earned $200 weekly during the other eleven months of the year, on an annualized basis his income would be approximately $9,520, which is below the poverty level. Considering the remainder of the IFP Motion, Plaintiff avers that he has $107 in his saving account; monthly expenses totaling $300; total debt over $15,800; and owns $800 in stock that is "90% negative." *See id*. at 1-2. Based on the information provided, the Court finds that Plaintiff has shown that he is unable to prepay the filing fee. Even if Plaintiff indicated he has dependents, this would not alter the Court's conclusion because that information would further demonstrate the extent of his financial hardship and emphasize his inability to pay. Accordingly, the IFP Motion, **ECF No. [3]**, is **GRANTED**.

The Court must next screen the Complaint under § 1915(e)(2). The Complaint is not

dismissed at this time. However, the Complaint requires amendment because it does not comply with Rules 8 and 10 as it is a shotgun pleading falling within the first category of such pleadings. *See Weiland*, 792 F.3d at 1321-23 (footnote call numbers omitted). In each of the first 20 successive counts, Plaintiff "incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth therein." *See* ECF No. [1] at ¶¶ 67, 76, 81, 86, 100, 106, 112, 121, 127, 135, 148, 153, 166, 172, 179, 187, 195, 201, 208, 213. Thus, the first 20 counts are a combination of the entire preceding Complaint, making it impossible to discern which factual allegations are intended to support each claim and whether the allegations concerning one alleged statutory violation are also intended to establish a separate alleged violation. It likewise prevents Defendants from readily determining which factual allegations they must admit, deny, or otherwise address as to each individual count. The problem is not cured merely because the Complaint is divided into separate headings and labeled claims for relief. Rule 10(b) requires separate counts when doing so would promote clarity, and Rule 8 requires each claim to give fair notice of the grounds on which that claim rests. *See* Fed. R. Civ. P. 8(a), 10(b). A pleading in which each count indiscriminately incorporates every allegation that came before it undermines that clarity. *See Weiland*, 792 F.3d at 1321–23.

The Court recognizes that certain background allegations may be relevant to more than one claim and that incorporation by reference is not categorically prohibited. But Plaintiff may incorporate into a particular count only the factual allegations relevant to that count. He may not incorporate all preceding paragraphs wholesale where doing so causes each successive count to include the allegations constituting the preceding causes of action. The Court also notes that Plaintiff makes allegations against the City of Miami but does not include it as a separate Defendant in the case caption. Moreover, Plaintiff does not identify the specific statutory sections

under which he brings his state law claims. As such, Plaintiff must file an Amended Complaint correcting these deficiencies. In preparing the Amended Complaint, Plaintiff must:

1. present the relevant factual allegations in numbered paragraphs, with each paragraph limited as far as practicable to a single set of circumstances;
2. identify in the heading of each count the statutory provision or legal basis under which the claim is brought;
3. include within, or specifically incorporate into, each count only those factual allegations that are relevant to that particular claim;
4. avoid incorporating the allegations constituting prior counts into each successive count;
5. explain the conduct by each Defendant that allegedly violated the statutory provision identified in each count;
6. allege sufficient facts to give Defendants fair notice of the factual and legal grounds supporting each claim; and
7. ensure all Defendants are properly named in the action.

## IV. CONCLUSION

For the above reasons, Plaintiff's IFP Motion, **ECF No. [3]**, is **GRANTED**. Plaintiff **SHALL** file an Amended Complaint, addressing the deficiencies identified herein, **no later than September 30, 2026**. Failure to timely file an Amended Complaint addressing the deficiencies in the original Complaint may result in a dismissal of Plaintiff's claims.

**DONE AND ORDERED** in Chambers in Miami, Florida on September 4, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

**Emmanuel Obiagwu**
488 Boyden Avenue
Maplewood, NJ 07040
Phone: 908-708-4090
Email: emmanuelobiagwu@gmail.com
*PRO SE*